IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| | * | |
| vs. | * | No. 4:06cr00327 SWW |
| | * | |
| | * | |
| | * | |
| | * | |
| VINCENT SHARNEE JOHNSON, | * | |
| | * | |
| Defendant. | * | |

<u>ORDER</u>

On September 25, 2008, defendant Vincent Sharnee Johnson entered a plea of guilty on counts one and two of the indictment (armed bank robbery and brandishing a firearm during and in relation to a crime of violence). His sentencing is scheduled for August 25, 2009.

Defendant has now filed a pro se motion for counsel to be relieved and to proceed pro se [doc.#76].[1] Certainly, a criminal defendant's right to the assistance of counsel includes the related right to waive counsel and to conduct his own defense. *United States v. Mentzos*, 462 F.3d 830, 838 (8th Cir. 2006) (citing *Faretta v. California*, 422 U.S. 806, 835 (1975)). Before permitting a defendant to represent himself, however, the court must assure itself that the waiver of the right to appointed counsel is knowing and voluntary. *Id.* (citing *United States v. Patterson*, 140 F.3d 767, 774 (8th Cir. 1998)). Although a defendant need not have the skill and experience of a lawyer to invoke his right to self-representation, the court must make the defendant aware of

---

[1] By Order dated December 29, 2008 [doc.#68], this Court denied defendant's pro se motion for counsel to be relieved due to ineffective assistance of counsel.

the dangers and disadvantages of self-representation. *Id*. (citing *Faretta*, 422 U.S. at 835). The colloquy must inquire into his understanding of the right and must warn him of the dangers involved in order to ensure that he has full knowledge of the consequences and that his "choice is made with eyes open." *Shafer v. Bowersox*, 329 F.3d 637, 647 (8th Cir. 2003) (quoting *Faretta*, 422 U.S. at 835).

The Court has considered the matter and will hold a hearing on defendant's motion for counsel to be relieved and to proceed pro se on August 25, 2009, prior to the commencement of defendant's sentencing hearing, to assure itself that the waiver of the right to appointed counsel is knowing and voluntary and that defendant has full knowledge of the consequences of self-representation.

IT IS SO ORDERED this 26th day of May 2009.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE